IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-02097-NYW-KAS

DONALD WALL, and
LINDA WALL,

    Plaintiffs,

v.

COLORADO FARM BUREAU INSURANCE COMPANY,

    Defendant.

---

## ORDER ON MOTION FOR REMAND

---

This matter is before the Court on Plaintiffs' Motion for Remand to State Court (the "Motion" or "Motion for Remand"). [Doc. 8]. The Court has reviewed the briefing and the evidence submitted by the Parties and concludes that it can resolve this matter without oral argument.[1] For the reasons set forth in this Order, the Motion to Remand is respectfully **DENIED**.

### BACKGROUND

Plaintiffs Donald Wall and Linda Wall ("Plaintiffs") initiated this lawsuit against Defendant Colorado Farm Bureau Insurance Company ("Defendant") in state court on July 27, 2023. [Doc. 3 at 1]. Plaintiffs' Complaint alleges that they are citizens of the state of Colorado. [*Id.* at ¶ 2]. Plaintiffs also allege that Defendant "is a Colorado business organization with its principal place of business in Arapahoe County, Colorado." [*Id.* at ¶ 3].

---

[1] Neither Party has requested leave to take jurisdictional discovery. *See* [Doc. 8; Doc. 12].

Defendant removed this case to federal court on August 17, 2023 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1]. In its Notice of Removal, Defendant asserts that it is not a citizen of Colorado, but of Mississippi. [*Id.* at ¶ 13]. Specifically, it states that it "has its principal place of business in Ridgeland, Mississippi and was re-domesticated in 2019 in the State of Mississippi." [*Id.*].

Plaintiffs filed the instant Motion for Remand on August 24, 2023. [Doc. 8]. Therein, they argue that Defendant's principal place of business is located in Colorado, not Mississippi. [*Id.* at ¶¶ 4, 9, 21]. It follows, according to Plaintiffs, that complete diversity of citizenship does not exist in this case, and because this Court lacks subject matter jurisdiction under § 1332, the case must be remanded to state court. [*Id.* at ¶¶ 12, 46]. Defendant responded in opposition to the Motion to Remand on August 31, 2023, arguing that Plaintiffs improperly conflate Defendant's "principal office address" with "principal place of business" and reiterating that complete diversity of citizenship is present in this case because it is a citizen of Mississippi. *See generally* [Doc. 10]. Plaintiffs did not file a reply, and the time to do so has lapsed.

This case was reassigned to the undersigned on September 13, 2023. [Doc. 16]. This Court ordered Plaintiffs and Defendant to file the disclosure statement required by Federal Rule of Civil Procedure 7.1, which provides that "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party . . . must, unless the court orders otherwise, file a disclosure statement" that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2). Defendant's disclosure statement represents that it is a citizen of Mississippi. [Doc. 19 at 1]. Plaintiffs' disclosure statement represents that they are citizens of Colorado. [Doc. 20 at 1].

**LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile," *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006), and "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

"Since federal courts are courts of limited jurisdiction," the Court presumes that "no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quotation omitted).  The removing party bears the burden of demonstrating subject matter jurisdiction by a preponderance of the evidence.  *Id.* "When challenged on allegations of jurisdictional facts, the [removing party] must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, . . . the court may inquire by affidavits or otherwise, into the facts as they exist.").

3

## ANALYSIS

Plaintiffs do not contend that § 1332(a)'s amount-in-controversy requirement is not met here, nor do they dispute that Defendant is incorporated in Mississippi. *See generally* [Doc. 8]. Their request for remand is limited to challenging Defendant's assertion that its principal place of business is located in Mississippi. *See* [Doc. 8 at ¶¶ 19–21, 36]; *see also* [Doc. 1 at ¶ 13].

Plaintiffs contend that, contrary to Defendant's representation, Defendant's principal place of business is in Colorado. [Doc. 8 at ¶ 4]. In support, they assert that "virtually all recent official public records filed by Defendant in both Mississippi and Colorado represent to all the world that Defendant's principal office address is" in Colorado. [*Id.* at ¶ 26]. They direct the Court to (1) various registration documents; (2) Defendant's annual corporate reports; (3) the Colorado and Mississippi Secretary of State websites; and (4) Secretary of State filings; these various documents state that Defendant's "principal office" or "principal address" is located in Colorado. [*Id.* at ¶¶ 21–24]; *see also generally* [Doc. 8-1 at 4–40]. Plaintiffs also assert that "[another court in] this District has undertaken jurisdictional review of a recent federal court removal by this particular Defendant, . . . ultimately ordering that the matter be remanded back to Colorado state Court." [*Id.* at ¶ 27 (citing *Barcenas v. Colo. Farm Bur. Ins. Co.*, No. 22-cv-01467-DDD-STV (D. Colo. July 5, 2022))]. Plaintiffs note that in *Barcenas*, Defendant "admitted that it has an 'official principal office in the State of Colorado' and is therefore subject to the jurisdiction of the state courts of Colorado.'" [*Id.* at ¶ 28].

Defendant responds that Plaintiffs improperly conflate "principal office address" with "principal place of business." [Doc. 10 at 1]. Defendant asserts that its principal place of business is located in Mississippi, representing that its "corporate brain . . ., i.e., its headquarters," is located in Mississippi. [*Id.* at 4]. Specifically, Defendant states that:

4

- Its board of directors, audit committee, and investment committee meet at its headquarters in Mississippi;

- The board of directors manages and controls the company from the Mississippi headquarters;

- The audit committee monitors financial statements and auditor qualifications, performs audits, and performs risk-management functions from the Mississippi headquarters;

- The investment committee supervises and transacts Defendant's investment activities from the Mississippi headquarters;

- "All premiums received on Colorado policies are ceded to Southern Farm Bureau Casualty Insurance Company [SFBCIC] located in Mississippi"; and

- "All insurance related services performed in Colorado are performed by SFBCIC employees and SFBCIC provides its employees with benefits administered from its home office located in Mississippi."

[Doc. 10 at 4–5]; *see also* [Doc. 10-1].

A corporation's principal place of business is often referred to as the corporation's "nerve center." *Hertz*, 559 U.S. at 93. It is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93. "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination," and "not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93. Simply stated, "a corporation's principal place of business is the location from which the corporation is directed and controlled." *Xat.com Ltd. v. Hosting Servs., Inc.*, No. 1:16-cv-00092-PMW, 2019 WL 2023768, at *3 (D. Utah May 8, 2019).

Here, Defendant has submitted an affidavit from Richard Ross Sims, Jr., Defendant's President and Chief Executive Officer. [Doc. 10-1 at ¶ 1]. Mr. Sims states that Defendant's "principal place of business since 2019 has been the headquarters located in Ridgeland, Mississippi." [*Id.* at ¶ 2(d)]. According to Mr. Sims, Defendant's president, chairman, chief

5

financial officer, and secretary are all located in Mississippi, as are four of Defendant's vice presidents. [*Id.* at ¶ 4]. He further represents that (1) Defendant "is directed [and] controlled and its activities [are] coordinated from its headquarters located in Ridgeland, Mississippi"; (2) "[s]ignificant" corporate decisions are made at the Mississippi headquarters; (3) "[s]ignificant corporate policy is set" at the Mississippi headquarters; (4) Defendant's corporate records are kept at the Mississippi headquarters; and (5) Defendant's board meetings are held at the Mississippi headquarters. [*Id.* at ¶¶ 3, 5–8]. In addition, Defendant submitted another affidavit from Mr. Sims alongside its Notice of Removal, wherein Mr. Sims provides additional information about Defendant's operations in Mississippi. *See generally* [Doc. 1-8].

By declining to file any reply brief, Plaintiffs have not contested the credibility or sufficiency of this evidence. The Court finds Defendant's evidence sufficient to demonstrate, by a preponderance of the evidence, that Defendant's decisionmakers direct, control, and coordinate Defendant's operations in Mississippi, such that Defendant's principal place of business is located in Mississippi. *See Collins v. James W. Turner Constr., Ltd.*, No. 16-2877 (FLW) (LHG), 2017 WL 210236, at *4 (D.N.J. Jan. 18, 2017) (finding that the defendant had established that its principal place of business was in Texas where a declaration from its CEO "establishe[d] that all major strategic decisions for [the defendant] and most major corporate functions, including record-keeping and human resources, were managed out of Texas"); *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 107 (4th Cir. 2011) (concluding that corporation's principal place of business was in Michigan, "where nearly all of the high-level officers work[ed], ma[de] significant corporate decisions, and set corporate policy"); *K & D Holdings, LLC v. EQT Corp.*, No. 5:13-CV-152, 2013 WL 12171737, at *2 (N.D.W. Va. Dec. 27, 2013) (concluding that the defendant sufficiently established that its principal place of business was in Pennsylvania, in light

6

of affidavit attesting that "key decisions guiding the company, strategic planning, accounting, legal and other administrative functions of the [defendant]" took place in Pennsylvania).

Plaintiffs' arguments and submissions to the contrary—that Defendant has represented in corporate filings that it has *a* "principal office address" in Colorado—do not convince the Court otherwise. "[T]he mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'" *Hertz*, 559 U.S. at 97. "[U]nder *Hertz*, merely filing a government form listing a principal place of business, without more, would be insufficient to establish a corporation's 'nerve center,'" *Cent. W. Va. Energy Co.*, 636 F.3d at 105, and "[f]ollowing *Hertz*, courts have specifically rejected corporate reports, tax filings, and corporate-registration statements as being evidence sufficient to demonstrate a corporation's principal place of business," *York Grp., Inc. v. Pontone*, No. 2:10-cv-01078-ECF, 2012 WL 3127141, at *16 (W.D. Pa. July 31, 2012). *See also, e.g.*, *Uglunts v. Americare Servs., Inc.*, No. 3:12-CV-4388-D, 2013 WL 3809681, at *4 n.3 (N.D. Tex. July 23, 2013) ("Although Americare also relies on a document from the Florida Department of State, Division of Corporations listing its principal address as in Florida, such corporate filings are alone insufficient to show the actual place of business."). In light of the credible evidence submitted by Defendant, the corporate registration filings listing a "principal address" in Colorado do not demonstrate to the Court Defendant's nerve center is located in Colorado.

Finally, the Court is respectfully unpersuaded by Plaintiff's reliance on another case filed in this District, *Barcenas v. Colorado Farm Bureau Insurance Co.*, No. 22-cv-01467-DDD-STV (D. Colo.). In that case, the court *sua sponte* issued an order to show cause directing Colorado Farm Bureau Insurance Company ("CFBIC") to show cause why the case should not be remanded

7

for lack of subject matter jurisdiction on the grounds that CFBIC had failed to identify its principal place of business in its Notice of Removal. *See* [ECF No. 7 at 2; ECF No. 1 at 2].[2] In response, CFBIC stated that its counsel "reviewed corporate records and determined that Defendant does have an official principal office in the State of Colorado" and "request[ed] that the case be remanded" to state court. [ECF No. 8 at ¶¶ 3–4]. The case was subsequently remanded. [ECF No. 12]. However, while a court can take judicial notice of its own filings and records, those records "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quotation omitted). The *Barcenas* ruling does not require or lead this Court to ignore the competent, uncontroverted evidence submitted by Defendant in this case. Furthermore, not only did the *Barcenas* parties agree that remand was appropriate, presenting no real dispute to the court, *see* [ECF No. 8], it is unclear what "corporate records" were reviewed by counsel in the *Barcenas* filing, and Mr. Sims has expressly disputed CFBIC's counsel's position in *Barcenas* in his sworn affidavit. *See* [Doc. 10-1 at ¶ 2(a)–(d)].[3] In sum, Plaintiffs' reliance on the *Barcenas* remand does not override Defendant's showing in this case.

      For the reasons set forth in this Order, the Court agrees with Defendant that it has adequately demonstrated that it is a citizen of Mississippi. And because it is undisputed that Plaintiffs are citizens of Colorado, complete diversity of citizenship exists in this case and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Remand to state court for lack of subject matter jurisdiction is not warranted. The Motion for Remand is respectfully **DENIED**.

---

[2] When citing to documents filed in other cases, the Court uses the convention [ECF No. __].

[3] CFBIC was represented by different counsel than in this case. *Compare* [ECF No. 8], *with* [Doc. 12].

**CONCLUSION**

For the reasons stated herein, it is hereby **ORDERED** that:

(1)   Plaintiffs' Motion for Remand to State Court [Doc. 8] is **DENIED**.

DATED:  October 4, 2023                             BY THE COURT:

_____
Nina Y. Wang
United States District Judge